UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAJIKA KARUNANAYAKA,<br><br>   *Plaintiff*,<br><br> v.<br><br>THE HERSHEY COMPANY,<br><br>   *Defendant*. | CIVIL ACTION<br><br>CASE NO. 2025-CV-03718<br><br>NOTICE OF REMOVAL |

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendant The Hershey Company ("Defendant"), hereby removes this action from the Court of Common Pleas of Dauphin County, Pennsylvania where it is pending, to the United States District Court for the Middle District of Pennsylvania.  In support of this Notice of Removal, Defendant states as follows:

I.      **FACTUAL BACKGROUND**

1.      Plaintiff Rajika Karunanayaka ("Plaintiff") commenced this Action *pro se* on May 12, 2025, by filing a Complaint in the Court of Common Pleas of Dauphin County captioned as *Rajika Karunanayaka v. The Hershey Company*, Case No. 2505-CV-03781 (the 'State Court Action").  A true and correct copy of the Complaint is attached as Exhibit ("Ex.") A (cited herein as "Compl.").

2.      The Complaint did not explicitly mention any causes of action.  Instead, in the cover page of the Complaint, Plaintiff selected the box for "Employment Dispute: Other" and wrote in "creating a hostile work environment." *Compl. Cover Sheet.*

3.      On May 28, 2025, Plaintiff served Defendant with a copy of Plaintiff's Complaint via Certified Mail.  *Compl.*  On June 16, 2025, Defendant filed Preliminary Objections to Plaintiff's Complaint with a supporting Memorandum of Law. A true and correct copy of the

Preliminary Objections and Memorandum of Law are attached as Ex. B. (Memorandum of Law in support of Preliminary Objections cited herein as "P.O.").

4. The Preliminary Objections sought dismissal of the Complaint by asserting, *inter alia*, that the only legal bases for Plaintiff to pursue her employment discrimination claim would be Title VII of the Civil Rights Act of 1964 ("Title VII") under federal law and/or the Pennsylvania Human Rights Acts ("PHRA"), and both laws require exhaustion of administrative remedies, which the Complaint did not allege. *P.O.* at 1, 3-5. However, because the Complaint did not specify whether Plaintiff's employment discrimination claim was brought under Title VII or the PHRA, Defendant could not determine with certainty at that time whether subject matter jurisdiction existed to remove this case to federal court.

5. On July 3, 2025, Plaintiff filed a Response to Defendant's Preliminary Objections to Plaintiff's Complaint attached as Ex. C. (Response to P.O. cited herein as "Response").

6. In Plaintiff's July 3, 2025 Response, she did not dispute that she is pursuing her employment discrimination claims under Title VII and the PHRA. Instead, she acknowledged that she is bringing both a Title VII and PHRA claim by requesting leave to amend her Complaint to "***further*** assert her claims under Title VII, the PHRA, and related Pennsylvania common law," *Response* at 7 (emphasis added). Simply put, Plaintiff's Response confirms for the first time in this case that Plaintiff is pursuing her employment discrimination claim under both Title VII and the PHRA. *See Response*. at 7.

## II. REMOVAL IS TIMELY

7. Under 28 U.S.C. § 1446(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

2

8. Although the Third Circuit Court of Appeals has not specifically defined "other paper," "district courts in the Third Circuit have given the term an 'embracive construction' to include a wide array of documents, including letter communications between counsel, deposition testimony, stipulations between the parties, answers to interrogatories, and transcripts." *Boggs v. Harris*, 226 F. Supp. 3d 475, 489 (W.D. Pa. 2016) (citing *Costa v. Verizon New Jersey, Inc.*, 936 F.Supp.2d 455, 465–66 (D.N.J. 2013)).

9. Plaintiff served Defendant via electronic mail her filed Response to Defendants Preliminary Objections on July 3, 2025. Ex. C.

10. Accordingly, this Notice of Removal, filed on July 9, 2025, is timely filed within thirty days after Defendants could first ascertain that Plaintiff's Complaint is bringing a federal Title VII claim. 28 U.S.C. § 1446(b)(3).

**III.    REMOVAL IS PROPER PURSUANT TO 28 U.S.C. §§ 1331, 1441(a).**

11. Defendant removes this action pursuant to 28 U.S.C. § 1441(a) on the ground that the above-captioned matter is a civil action over which this Court has original federal question jurisdiction under 28 U.S.C. § 1331.

12. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States; specifically, Plaintiff has alleged claims under Title VII.

13. This Court may properly exercise supplemental jurisdiction over Plaintiff's remaining state law claims, if any, pursuant to 28 U.S.C. § 1367(a) because they form part of the same case or controversy as the Title VII claims over which this Court has original jurisdiction.

**IV.    THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED.**

14. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1441(a) because the United States District Court for the Middle District of Pennsylvania is the district court of the

United States embracing the Court of Common Pleas of Dauphin County, where Plaintiff originally filed the State Court Action, and a substantial part of the alleged events giving rise to Plaintiff's claims are alleged to have occurred in this judicial district. *See generally*, Compl.

15. In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be promptly served on Plaintiff, and a copy of this Notice of Removal will be filed with the Clerk of the Court of Common Pleas of Dauphin County, where the State Court Action has been pending.

16. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon the Defendant in the State Court Action, besides what has been cited and attached as Exhibits A through C are filed herewith as Ex. D.

17. Defendant reserves the right to amend or supplement this Notice of Removal and to submit additional evidence if deemed necessary and appropriate.

18. By filing this Notice of Removal, Defendant does not waive any rights, defenses, claims, objections, or arguments relating to and/or arising from this action.

**WHEREFORE**, Defendant respectfully requests that the action now pending against it in the Court of Common Pleas of Dauphin County (under Case No. 2025-CV-03718) be removed therefrom to this Court for further proceedings.

Dated: July 10, 2025

Respectfully submitted,

*/s/ Eric C. Kim*
Eric C. Kim
MORGAN, LEWIS & BOCKIUS LLP
2222 Market Street
Philadelphia, PA  19103
(215) 963-5000
(215) 963-5001 (fax)
eric.kim@morganlewis.com

**COUNSEL FOR DEFENDANT**

4

`Case 1:25-cv-01258-PJC   Document 1   Filed 07/10/25   Page 5 of 5`

**CERTIFICATE OF SERVICE**

I hereby certify that on July 10, 2025, served via electronic mail and the Court's electronic filing system upon the *pro se* Plaintiff.

Rajika Karunanayaka
rajikakarunanayaka@gmail.com
rajika10_99@yahoo.com

/s/ Eric C. Kim
Eric C. Kim
Counsel for Defendant