**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RAJIKA KARUNANAYAKA, | : | Civil No. 1:25-CV-01258 |
| Plaintiff, | : | |
| v. | : | |
| THE HERSHEY COMPANY, | : | |
| Defendant. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Before the court is the report and recommendation of United States Magistrate Judge Martin C. Carlson recommending that the court grant Defendant's motion to dismiss and dismiss Plaintiff's amended complaint. (Doc. 18.) Specifically, Judge Carlson states that Plaintiff's Title VII and Pennsylvania Human Relations Act ("PHRA") claims fail because Plaintiff has not exhausted her administrative remedies and, even if she did, the claims fail as a matter of law. (*Id.* at 23–25.)[1] He also submits that Plaintiff's intentional infliction of emotional distress claim fails as a matter of law. (*Id.* at 25–28.) As to the Pennsylvania stalking statute and state law tort claim of spoliation, Judge Carlson finds that both claims fail because they are not recognized civil claims under Pennsylvania law. (*Id.* at 28–30.) Lastly, Judge Carlson recommends the court decline to exercise

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

supplemental jurisdiction over any other state law claim that Plaintiff wishes to pursue. (*Id.* at 30–31.)

Plaintiff filed voluminous objections to the report and recommendation. (Doc. 25.) Therein, she does not raise objections to dismissal of her intentional infliction of emotional distress, stalking, or spoliation claims. (*See id.*) As to her Title VII and PHRA claims, Plaintiff argues that the exhaustion finding is contrary to the record and equitable tolling preserved Plaintiff's claims; the report and recommendation did not apply the pro se liberal construction standard; the report failed to address evidence of discriminatory animus, pretextual investigations, and differential treatment; her retaliation claim is well-pleaded; her constructive discharge claim is plausibly alleged; and that the report and recommendation failed to recommend leave to amend her complaint. (*Id.* at 8–63.) Lastly, she submits that "the surveillance footage issue warrants discovery sanctions." (*Id.* at 64–68.)

Defendant opposed the objections submitting that Plaintiff does not attempt to cure the pleading deficiencies identified in the report and recommendation. (Doc. 26.) Rather, Defendant argues that Plaintiff's objections raise issues for the first time with new alleged evidence or simply reargues her claims. (*Id.*)

After filing her objections, Plaintiff filed a notice of receipt of the EEOC notice of right to sue and argued that she has formally satisfied the exhaustion requirement because of receipt of this right to sue notice. (Docs. 27, 28.)

Defendant opposed this notice and Plaintiff filed a reply. (Docs. 29, 32.) Plaintiff subsequently filed a motion for leave to supplement the record with newly obtained EEOC records. (Doc. 33.) Defendant opposes this motion, and Plaintiff filed a reply. (Docs. 34, 35.) Following review of these filings, the court will grant the motion for leave to supplement the record and has considered the EEOC records in ruling on the report and recommendation.

When a party raises only general objections to a report and recommendation, a district court is not required to conduct a de novo review of the report and recommendation. *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984). "To obtain de novo determination of a magistrate's findings by a district court, 28 U.S.C. § 636(b)(1) requires both timely and specific objections to the report." *Id.* at 6. Thus, when reviewing general objections to a report and recommendation, the court's review is limited "to ascertaining whether there is 'clear error' or 'manifest injustice'" on the face of the record. *Boomer v. Lewis*, No. 3:06-CV-00850, 2009 WL 2900778, at *1 (M.D. Pa. Sept. 9, 2009).

The court has reviewed Plaintiff's objections and finds that they are general, not specific. Further, the court has reviewed Judge Carlson's report and recommendation and finds no clear error or manifest injustice on the face of the record. (Doc. 18.) Plaintiff's objections merely express disagreement with Judge Carlson's analysis, reargue Plaintiff's case, and raise arguments for the first time

that were not raised before the magistrate judge. *See Kelly v. Wells Fargo Bank, N.A.*, No. 13-cv-2298, 2015 WL 1333264, at *9 (M.D. Pa. Mar. 25, 2015) (collecting cases and finding that plaintiffs waived their argument by failing to raise it before the magistrate judge). The court finds that there are two independent but equally sufficient grounds to warrant dismissal with prejudice of Plaintiff's Title VII and PHRA claims identified in Judge Carlson's report. The court concludes that because Plaintiff's claims fail on the merits, there is no need to address whether she has exhausted her administrative remedies even with the submission of EEOC records.

Accordingly, the court will adopt the report and recommendation, overrule Plaintiff's objections, grant Defendant's motion to dismiss, dismiss Plaintiff's complaint with prejudice as the court finds amendment would be futile, and close this case. Additionally, the court will grant Plaintiff's motion to supplement the record. An order will follow.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: September 24, 2026